IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1922.

---

THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY
OF SUSSEX, RELATOR, v. HARVEY S. HOPKINS,
COUNTY CLERK OF THE COUNTY OF SUSSEX, RE-
SPONDENT.

Submitted December 7, 1922—Decided April 3, 1923.

Since the enactment of chapter 53 of the laws of 1906 (*Comp. Stat.,*
*p.* 4643), providing for the payment of salaries to county clerks
in lieu of fees, these officers are required to collect the fees fixed
by statute for official services rendered by them, and to pay such
fees into the county treasury; and a county clerk cannot avoid
this obligation under the pretence that official services rendered
by him were rendered as an individual and not in his official ca-
pacity, and for a sum less than the fees fixed by statute.

---

On demurrer to alternative writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

301

For the relator, *Henry T. Kays.*

For the respondent, *Elmer King.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The purpose of the present proceeding is to compel the county clerk of Sussex county to account to the board of freeholders for certain fees received by him during his term of office. The charge contained in the alternative writ is that during his term as county clerk the respondent has made searches for various individuals and corporations, and has prepared abstracts of title of various properties located in the county from the records of his office; that in doing this work he claimed to have acted, not in his official capacity, but as an individual, for a compensation less than that fixed by statute; that he did not certify these searches and abstracts of title as county clerk, but as an individual; that he appropriated the fees thus received to his own use, notwithstanding the obligation imposed upon him, as the relator claims, to turn over the same to the county treasurer, in compliance with the mandate of chapter 53 of the laws of 1906. *Comp. Stat., p.* 4643. The question presented for solution by the demurrer is whether a county clerk can avoid the obligation of the act of 1906 by assuming to perform in a non-official capacity duties which normally rest upon him as county clerk *virtute officii.*

Our act to regulate fees (*Comp. Stat., p.* 2277) provides that "the officers and persons in this act named shall be entitled to demand and receive for the services hereinafter mentioned the fees thereto respectively annexed, and no more;" and under this act county clerks are entitled to demand and receive the following fees for the following services rendered by them: "For recording every judgment and indexing the same, one dollar; for taxing every bill of costs, fifty cents; for searching the records of judgments against each individual, for each year, four cents; for searching the records of deeds, mortgages, wills or other records, for each name, each year, four cents; for drawing certificate and seal, twenty

cents; for copies of abstracts of all deeds, mortgages, judgments or other records, for each sheet, eight cents." Until the enactment of the statute of 1906, the remuneration received for services rendered by the county clerk as such consisted, in large measure, in the payment to him for those services of the fees above specified. That statute changed this method of remuneration, and provided that "in lieu of all other compensation," he should receive an annual salary, the amount of which was fixed by the statute, and that the fees costs, allowances, percentages and all other perquisites of whatsoever kind which by law he might receive for any official acts or services rendered by him or his assistants, should be received by him for the sole use of the county, and accounted for and paid over by him to the county collector.

If the theory of the respondent is sound, it is within the power of a county clerk to practically nullify the act of 1906, so far as the appropriation of fees is concerned, by assuming to perform as an individual, and not in his official capacity, most of the duties for which, prior to its enactment, he was compensated by receiving the fees provided in our fee bill; for, if he can by this method avoid accounting for fees received by him for searching the records in his office, no good reason can be perceived which would prevent him from taking the same course in taxing bills of costs and making copies or abstracts or deeds, mortgages, judgments and other records.

The purpose of the act of 1906 seems to us to be plain, and that is, to require the county clerk to pay into the county treasury all fees, costs and other perquisites which he receives for any official act performed, or service rendered by him; and, in our opinion, the making of a search, for which, under our fee bill, the party ordering it is required to pay the fees fixed thereby, is an official service rendered by him within the meaning of the statute, without regard to whether he attaches his official seal thereto or contents himself with merely signing his name thereto without his official designation. Nor is the mere fact that he performs these duties which the statute imposes upon him at times other than those during which his office is kept open for the ordinary transaction of public busi-

ness material; for, as has already been suggested, if he can avoid the obligation of the statute in this respect by any such method of procedure, the same course would be effectual with relation to all other duties, the performance of which under the law entitles him to the compensation fixed by the statute. Nor can he escape his official obligation to account for the fees payable to him under the statute by agreeing to accept a sum less than that which the statute entitled him to demand.

To sum the whole matter up, a county official can no more escape responsibility for the performance of an act, which is required of him as such officer, by asserting that in performing it he had first laid aside his official character, than a judge can escape responsibility for a decision rendered by him by declaring that before announcing it he had taken off his judicial robe.

The relator is entitled to judgment on the demurrer.